## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Criminal Case No. 14-cr-00144-CMA

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

3.　　**JOSE NEMECIA-GARCIA,**
　　　**a/k/a Jose Luis Galeas-Almendarez,**
　　　Defendant.

---

**ORDER <u>GRANTING IN PART</u> DEFENDANT JOSE NEMECIA-GARCIA'S MOTION
FOR RECONSIDERATION OF THE DISCOVERY AND TITLE III AND ELECTRONIC
SURVEILLANCE DEADLINES, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO
FILE SPECIFIC DISCOVERY MOTIONS IF THE NEED BECOMES APPARENT, OR
IN THE ALTERNATIVE, MOTION FOR CASE SPECIFIC DISCOVERY**

---

This matter is before the Court on the Defendant Jose Nemecia-Garcia's Motion

for Reconsideration of the Discovery and Title III and Electronic Surveillance Deadlines,

Or in the Alternative, Motion for Leave to File Specific Discovery Motions if the Need

Becomes Apparent, or In the Alternative, Motion for Case Specific Discovery.  (Doc. #

870.)

On November 13, 2015, this Court issued a Scheduling Order in the instant case,

setting forth deadlines for pretrial discovery motions.  (Doc. # 853.)  The instant Motion

for Reconsideration requests that counsel for Mr. Nemecia-Garcia be permitted to "file

pretrial discovery motions if during the course of counsel's ongoing review of this case

that need becomes apparent."  (Doc. # 870 at 2.)  Similarly, it requests that the Court

extend the deadlines it imposed in that Scheduling Order relating to motions regarding

discovery and Title III and Electronic Surveillance by an additional sixty days, due to the

fact that counsel for Mr. Nemecia-Garcia was appointed by the Court approximately ten

months after other counsel in the case and that discovery is voluminous.  (Doc. # 870 at

2-3.)  As it indicated in the original Scheduling Order, although the Court fully

recognizes these realities, it does not find it necessary to give counsel an additional

sixty days to file pretrial discovery motions, particularly in light of the speedy trial clock

and because such a significant delay may ultimately prove unnecessary.  Nevertheless,

the Court is mindful of the significant volume of discovery in this case, and the instant

Motion requests, in the alternative, that the Court order the Government to disclose the

specific discovery detailed in Defendant Espinoza Romero's Motion for Case Specific

Discovery (Doc. # 844).  (Doc. # 870 at 3.)  Although the Criminal Local Rules generally

prohibit Motions to Join Motions, D.C.COLO.LCrR 12.1 permits a Motion to be filed

indicating that

> [T]he party approves, adopts, and/or incorporates by reference any or all
> of the reasons stated, arguments advanced, and/or authorities cited by a
> party in another motion.  The party shall identify the related motion of
> another party by providing the following information:
> > (1) the name of the other party;
> > (2) the precise title of the related motion of the other party;
> > (3) the document number of the related motion in CM/ECF; and
> > (4) the date the related motion was filed.

The instant Motion complies with the requirements of D.C.COLO.LCrR 12.1, in stating

that it "incorporates by reference any and all of the reasons stated, argument advanced,

and authorities cited by Mr. Espinoza Romero in his Motion for Case Specific Discovery,

Document 844, filed on November 12, 2015." (*Id.*)  Balancing all of the factors,

including the speedy trial clock, the Court believes that Mr. Nemecia-Garcia's joinder in

Mr. Espinoza Romero's Motion represents the most equitable outcome.

3

Accordingly, it is ORDERED that the instant Motion (Doc. # 870) is GRANTED IN PART insofar as Mr. Nemecia-Garcia will be permitted to join Mr. Espinoza Romero's Motion for Case Discovery (Doc. # 844).  It is denied in all other respects.

DATED:  December 22, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge